IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUBEN LOZA, )
 )
Plaintiff, )
 )  No. 09 C 2474
v. )
 )  The Honorable William J. Hibbler
CITY OF CHICAGO, et al., )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

On April 23, 2009, Plaintiff Ruben Loza filed a complaint setting forth various state and federal claims against the City of Chicago and two Chicago police officers. In Counts I through III of his complaint, Loza asserts claims stemming from his arrest on December 16, 2007 pursuant to 42 U.S.C. § 1983 for unlawful search and seizure, false arrest, and excessive force. In Count IV he seeks statutory indemnification of the defendant officers by the City pursuant to 745 ILCS 10/9-102. The City moves to dismiss Count IV of the complaint, arguing that it is barred by the statute of limitations in 745 ILCS 10/8-101. For the reasons set forth below, the Court denies the City's motion.

### *DISCUSSION*

### I. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks,

1

brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, ----, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

## II. Analysis

The City of Chicago is correct that a claim for statutory indemnification under § 9-102 is subject to a one year statute of limitations. 745 ILCS 10/8-101. However, the City is mistaken about how the statute of limitations applies in this case. In *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997), the court pointed out that "the City cannot be made to pay a judgment while the liability of its employee is still in question." Nonetheless, the court held that a plaintiff could ask the court to enter a judgment against the City pursuant to § 9-102 that would take effect when and if the plaintiff obtained a judgment against the employee defendant. *Id.* at 685. The court found that in that case, the plaintiff was essentially asking for a declaratory judgment. *Id.* The logical implication of the *Wilson* decision is that the actual fact that gives rise to a claim under § 9-102 is the court entering judgment against the employee defendant, even though it may be appropriate for a plaintiff to bring the claim in anticipation of that fact.

The City's citation to *Williams v. Lampe*, 399 F.3d 867 (7th Cir. 2005) is inapposite. In that case, the court held that "[w]hile the two-year period still applies to § 1983 claims against [municipality defendants and their employees], the one-year period applies to state-law claims that are joined with a § 1983 claim." *Id.* at 870. As described above, a one-year statute of limitations does apply to Count IV of Loza's complaint, but that period had not even started running yet when Loza filed his complaint.

2

## *CONCLUSION*

For the above reasons, Defendant City of Chicago's motion to dismiss Count IV is DENIED.

IT IS SO ORDERED.

9/25/09
Dated

Hon. William J. Hibbler
United States District Court